IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR35 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| FLOYD BUFFALOHEAD, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 28) issued by Magistrate Judge F. A. Gossett recommending denial of the motion to suppress and the supplemental motion to suppress filed by the Defendant, (Filing Nos. 14, 18). Buffalohead filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 31, 32) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Buffalohead is charged in a one-count Indictment with being a felon in possession of a firearm. He seeks an order suppressing evidence and statements obtained as a result of his December 24, 2005, stop, detention, search and arrest.

Following an evidentiary hearing, Magistrate Judge issued oral findings of fact and conclusions of law (Filing No. 30) followed by a written Report and Recommendation (Filing No. 28). Judge Gossett concluded: the initial contact with Buffalohead during which he was asked for his identification and told to show both hands was lawful; when Buffalohead repeatedly did not show both hands simultaneously, reasonable suspicion existed for a patdown search for officer safety; and because there was no unlawful stop or search, no

taint existed with respect to Buffalohead's later statements given after the administration of *Miranda* warnings. (Tr. 30, at 28-32.)

On the basis of these determinations, Judge Gossett recommended that Buffalohead's motion be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The transcript provides a detailed account of the events relevant to the traffic stop, search, and arrest, and Judge Gossett made specific findings of fact. The Court has considered the transcript of the hearing conducted by the Magistrate Judge (Filing No. 30). Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Gossett's factual findings in their entirety.

## FACTUAL BACKGROUND

Briefly, on December 24, 2005, at 10:45 p.m., officers were called to the area of 19th and Center Streets in Omaha, Nebraska, because gang members allegedly were having a party. They were aware of a specific gang, Indian Nation Klick ("INK"), whose members generally travel on foot. They came across an individual walking on Center Street. Officer Duffek asked the individual's name, and when he identified himself as Floyd Buffalohead

Duffek recognized him as an INK associate.  About a month earlier, there had been a shooting incident near 25th and Poppleton Streets in Omaha involving a feud between INK members and another gang.  Officers hoped to obtain some information from Buffalohead. Officer Espejo asked Buffalohead to show both his hands for officer safety reasons, as Buffalohead's hands were inside his hooded sweatshirt.  Buffalohead removed one hand. When asked again to show both hands, Buffalohead put the first hand back inside the sweatshirt and removed the other hand as if he might be holding or concealing something. In Espejo's experience, gang members have been known to hide weapons in their front waistband.  Finally when asked again, Buffalohead showed both hands.  Espejo then approached and felt the outside of Buffalohead's clothing, felt a hard object, and saw something silver.  He lifted the sweatshirt and saw a .22 caliber loaded pistol.  Buffalohead was arrested, and during the search incident to his arrested some methamphetamine was found on his person.  He was taken to police headquarters, given his *Miranda* warnings and questioned.

## ANALYSIS

The Defendant objects to the following portions of the Magistrate Judge's Report and Recommendation: that the officers' initial contact with Buffalohead was consensual; and that the officers had reasonable suspicion that Buffalohead was engaging in criminal activity or that he was armed and dangerous.

Officers may make a minimally intrusive stop of an individual and ask for the person's identity as long as the individual is free to leave.  *United States v. Vera,* 457 F.3d 831, 834 (8th Cir. 2006) (citing *Florida v. Bostick,* 501 U.S. 429, 434 (1991)).  The Court

finds that Buffalohead was free to leave.  Asking one to show both hands may be part of the minimally intrusive stop.  *United States v. Knox,* 950 F.2d 516, 519 (8th Cir. 1991). Because Buffalohead did not show both hands as requested, the Court finds his case distinguishable from *United States v. Gray,* 213 F.3d 998 (8th Cir. 2000).  Officers' initial contact with Buffalohead was proper.

Given the officers' knowledge about INK and the recent rivalry between INK and another gang, and given the officers' knowledge about the possibility that a gang party was in progress, once Buffalohead identified himself and Duffek recognized him as a gang associate, the officers had a reasonable suspicion based on their knowledge and experience to believe that criminal activity might be afoot.  Therefore, the *Terry* patdown search of the outside of Buffalohead's clothing  was lawful.  *Id.* (citing *Terry v. Ohio,* 392 U.S. 1, 30 (1968)).  Clearly, once the weapon was discovered during the patdown search, the arrest was authorized.  It follows, therefore, that no "taint" existed and Buffalohead's statements made after *Miranda* warnings were administered are admissible.

## CONCLUSION

For the reasons discussed, the Defendant's motion to suppress and supplemental motion to suppress are denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 28) is adopted in its entirety;

2. The Statement of Objections to the Report and Recommendation (Filing No. 31) is denied;

3. The Defendant's motion to suppress (Filing No. 14) and the Defendant's supplemental motion to suppress (Filing No. 18) are denied.

DATED this 22nd day of November, 2006.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge