IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:06CR35 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| FLOYD PAUL BUFFALOHEAD, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 79) and the motion for leave to proceed in forma pauperis (Filing No. 80) filed by the Defendant, Floyd Paul Buffalohead.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

On March 8, 2007, Buffalohead was sentenced to 37 months imprisonment and 3 years supervised release.  The Judgment on his conviction was filed the same date.  No direct appeal was filed.  On April 27, 2009, Buffalohead was sentenced to 24 months imprisonment with no supervision to follow after his supervised release term was revoked.

## DISCUSSION

Buffalohead raises an argument regarding his sentence imposed with respect to his supervised release violation and his concurrent state sentence, imposed after the federal sentence regarding the supervised release violation. He assumes the trigger for the § 2255 statute of limitations is the sentence imposed on the revocation. Even assuming that is the case, Buffalohead's motion is out of time.

The one-year statute of limitations in the § 2255 context runs from the latest of four dates, the most common being "the date on which the judgment of *conviction* becomes final." 28 U.S.C. § 2255(f)(1) (emphasis added). "Conviction" refers to the underlying case, rather than a judgment imposed as a result of a supervised release revocation. See 1 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure, § 5.2b (5th ed. 2001). Therefore, March 8, 2007, was the triggering date for the statute of limitations in this case. The motion is untimely and will be summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 79);

2. Upon initial review, the Court summarily dismisses the Defendant's § 2255 motion (Filing No. 79);

3. The Defendant's motion for leave to proceed in forma pauperis (Filing No. 80) is denied as moot;

4. A separate Judgment will be issued denying the § 2255 motion; and

5. The Clerk is directed to mail a copy of this memorandum and order to the Defendant at his last known address.

DATED this 22nd day of April, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge